Totten J.,
delivered the opinion of the court.
The defendant was arrested upon a charge of bastardy, and being regularly convicted of the charge in the county court of Knox, at the May term, 1850, it was adjudged by that court, that the defendant stand charged with the maintenance of the child, as the court may order and direct; that he give security to perform such orders, &c. And further, that he give security to indemnify the county against charges for the support of said child. There was an appeal on the part of defendant to the circuit court, where the judgment of the county court was reversed, and the State has appealed in error to this court.
No exception is taken to the justice of the conviction, but the question relates to the judgment which''it is lawful and proper to render thereon.
The child in question was born on the 26th September, 1846, as appears by the affidavit of its mother, Elizabeth J. Letsinger, and the proceeding was commenced on the 4th February, 1850.
The act of 1822, ch. 29, provides, that “the several county courts within this State, when making allowances to the mothers of illegitimate children for their support, shall not for the first year after the birth of such child or children, exceed the sum of forty dollars; for the second year thirty dollars, and for the third twenty dollars. At the expiration of which time, it shall be the duty of said court, making such allowance, to dispose of such child or children, in such manner as shall most conduce to the interest of said child, either by giving it to the reputed father, or binding it out to some suitable person in their discretion.
We observe upon this statute, that the county court has *135 power to make orders on the putative father for annual allowances to the mother, for the support of the illegitimate child, for a period of three years after its birth, and then it is directed that other disposition shall he made of the child. But no application being made to the court, until after the lapse of the three years, we do not concur in the argument, that it is now competent for the court to order the putative father to pay these annuities to the mother of the child, as in the nature of a debt or annuity for which he is in default. It was intended that the payments be made for the support of the child for the current years, and the defendant is not in default under this statute, until the suit was commenced against him. He is then liable to pay the annuities, as from that date, however he may delay the judgment of the court by an unjust defense. But these annuities cannot be demanded by suit after the three years. The statute -goes no further, but it here orders that other disposition be made of the child. It is true that the court has no power to take the child from the mother, and place it in the possession of the putative father, or to bind it as an apprentice without the mother’s consent, while she provides for its maintenance and support. For the mother of an illegitimate child, has the natural and legal right to its possession. But it is competent for the court, by the general law on this subject, to secure the public against any loss or injury which may ensue by reason of the child becoming a public charge upon the county. This is done by requiring the putative father to give a bond of indemnity with sureties for such purpose.
The judgment of the circuit court is in conformity to this view of the subject., and we affirm its judgment, reversing that of the county court, and the cause is remanded to the county court, that it may require a bond of indemnity of the putative father, in conformity to this opinion.
Judgment affirmed, and cause remanded.